# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

| | | |
|---|---|---|
| **ERIN D. STEPHENS,** | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Civil Action No. 1:19-cv-123 |
| | § | |
| **BIG SPRING HERALD, INC. and HPC OF** | § | |
| **TEXAS, INC. a/k/a HPC OF TEXAS** | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES **ERIN D. STEPHENS**, hereinafter referred to as "Plaintiff," complaining of **BIG SPRING HERALD, INC. and HPC OF TEXAS, INC. a/k/a HPC OF TEXAS,** hereinafter referred to as "Defendant" and files this Original Complaint stating the following:

### NATURE OF COMPLAINT

1. This is a complaint against Defendant by Plaintiff alleging damages as a result of disability discrimination, failure to accommodate her disability, and retaliation for engaging in a protected activity under federal and state law.

### JURISDICTION

2. At the time this cause of action arose Plaintiff had medical conditions consisting of fibromyalgia[1] and/or cervicalgia (severe neck pain) which causes her physical impairments that

---

[1] Fibromyalgia is a disorder characterized by widespread musculoskeletal pain accompanied by fatigue, sleep, memory and mood issues. Researchers believe that fibromyalgia amplifies painful sensations by affecting the way your brain processes pain signals. Symptoms sometimes begin after a physical trauma, surgery, infection or significant psychological stress. See *Mayo Clinic website*: https://www.mayoclinic. org/diseases-conditions/fibromyalgia/symptoms-causes/syc-20354780

"substantially limit one or more major life activities" and therefore constitutes a "disability," as defined under the *Texas Commission on Human Rights Act, V.T.C.A. Labor Code §§ 21.001 et seq.*, hereinafter "the Texas Human Rights Act" or "TCHRA" and the *Americans with Disabilities Act of 1990, 42 U.S.C. Ch.21 § 12101 et seq.* (ADA), *as amended by the Americans with Disabilities Act Amendments Act of 2008* (ADAAA). At all times relevant to this action, Plaintiff was an "employee" and Defendant was an "employer" as those terms are defined under the *Texas Human Rights Act* and the *ADA/ADAAA*. Jurisdiction of the federal law cause of action is granted to the Court under the *ADA/ADAAA*. Jurisdiction of the state law claim is granted under the supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution and 28 U.S.C. 1367.

## PARTIES/VENUE

3. Plaintiff is a resident of Texas and lives within the Northern District of Texas.

4. Defendants are entities that do business in Howard County, Texas operating a newspaper known as the "Big Spring Herald." Plaintiff worked for one or both of the entities at the same time. Because Plaintiff believes that one of the Defendants may own the other and Plaintiff is not sure which one of the two (or maybe both) was/were her employer and actually operated the newspaper, Plaintiff refers to both of them individually and jointly by the term, "Defendant."

5. This cause of action arose at Defendant's location in Howard County, Texas within the Northern District of Texas.

## FACTS

6. Plaintiff was an employee of Defendant as a newspaper reporter at Defendant's Big Spring, Howard County, Texas location. Plaintiff worked as a full time employee of Defendant from August 2017 until she was illegally discharged on or about March 22, 2018.

7. Plaintiff was involved in a motor vehicle collision on February 12, 2018 and sustained physically impairing injuries to her head and neck. Also, Plaintiff suffered a head concussion and subsequently developed or experienced an exacerbation of the impairing physical conditions of fibromyalgia and/or cervicalgia.

8. The fibromyalgia and/or cervicalgia substantially impaired Plaintiff's ability to sit for prolonged periods of time and she experienced increased pain and aching in her body to an extent greater than experienced by the average person in the population. This increased pain, inability to sit for prolonged periods of time, and other symptoms continued up to and beyond the date of her termination from employment, even until this day.

9. As a result of the increased impairing pain caused by the fibromyalgia and cervicalgia, which was known to Plaintiff's direct supervisor, Plaintiff properly notified her direct supervisor and requested the reasonable accommodation of working from home for a short temporary period, beginning February 23, 2018 until she was able to see a specialist and get the proper treatment to alleviate the physical symptoms of her fibromyalgia and cervicalgia. Plaintiff's supervisor initially approved Plaintiff's request stating only that Plaintiff needed to complete the full 40 hours of work each week from home. Plaintiff notified Defendant that she had made an appointment with a specialist regarding her impairments for April 24, 2018.

10. For a short time, Plaintiff was allowed to work from home where she performed successfully all of the essential functions of her job, but was then asked to work from home only half of the week and the other half at the office. On March 20, 2018, Plaintiff was called into the office by Defendant's General Manager and was told she needed to start coming into the office and no longer work from home at all, even though she had been performing the essential functions of her job from home with the reasonable accommodation of working from home.

11. Working from home allowed Plaintiff to be able to stand up and walk around frequently to alleviate some of her symptoms. When she worked from the office, her getting up and moving around seemed to disturb her co-workers.

12. On March 21, 2018, Plaintiff discussed with Defendant's general manager her desire to send a letter to Defendant's corporate office requesting the reasonable accommodation of working from home. Defendant's general manager stated that he needed to sign off on any letter before she submitted to the corporate main office or human resources department.

13. On March 22, 2018, Plaintiff submitted her proposed letter to corporate to Defendant's general manager and was told that he would submit the letter for her and let her know about the response from corporate. Later that afternoon, the General Manager notified her that he and the corporate office made the decision to not accommodate her disability as requested.

14. Plaintiff did not believe that the General Manager had sent her request to the corporate office, so Plaintiff mailed the letter requesting the reasonable accommodation to the corporate office on March 22, 2018. Plaintiff's sending of the letter to the corporate office did not violate any policy of the Defendant.

15. A few hours after denying Plaintiff's request for a reasonable accommodation, Defendant's General Manager called Plaintiff back into his office and terminated her from employment with Defendant refusing to state a reason for the termination.

## CAUSES OF ACTION

### VIOLATION OF § 21 TEXAS LABOR CODE & the ADA/ADAAA

16. Plaintiff alleges that a motivating factor and/or a cause for Defendant terminating her, as described above, was because of her disability, regarding her as being disabled, and/or her record of disability.

17. Also, Defendant failed to engage in the interactive process with Plaintiff to discover a reasonable accommodation to her disability and retaliated against her for requesting and/or receiving a reasonable accommodation.

18. Further, Defendant retaliated against Plaintiff by terminating her employment after she complained to Defendant about the disability discrimination and opposed the said discrimination.

19. All of the foregoing was in violation of § 21 of the Texas Labor Code, and/or the ADA/ADAAA resulting in damages as hereinafter set forth for which Plaintiff now sues.

## DAMAGES

20. As a result of the violation of § 21 of the *Texas Labor Code* and/or the *ADA/ADAAA*, Plaintiff has lost past and future wages and benefits of employment. Further, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff hereby sues for reimbursement of said damages.

## ADMINISTRATIVE PREREQUISITES

21.     All conditions precedent to the cause of action under Texas Labor Code § 21.051 and the ADA/ADAAA have been performed or have occurred, including exhausting all required administrative remedies.

## PUNITIVE DAMAGES

22.     Defendant's wrongful action in terminating Plaintiff was done knowingly, intentionally, with malice, and/or recklessly or with gross negligence in violation of Plaintiff's state and federal protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant.

## ATTORNEY FEES

23.     Plaintiff has also had to employ an attorney to vindicate her rights for being terminated, and seeks reasonable and necessary attorney fees as allowed by law.

## INJUNCTION/EQUITABLE RELIEF AGAINST DEFENDANT

24.     On a finding that Defendant has engaged in an unlawful practice(s), as alleged above, Plaintiff requests the Court to prohibit by injunction the Defendant from engaging in the unlawful employment practice(s) and order any and all additional equitable relief as may be appropriate as listed and set out in § 21.258 of the *Texas Labor Code* and the *ADA/ADAAA*, including reinstatement to her job, if reasonably possible at the time and under the circumstances then existing.

## JURY DEMAND

25.     Plaintiff hereby respectfully requests a trial by jury on all causes of action contained in this Complaint.

## PRAYER

WHEREFORE, Plaintiff requests that on final hearing, Plaintiff be awarded actual damages, as stated above, punitive damages, attorney fees, costs of court, prejudgment interest, injunctive relief, reinstatement, if reasonably possible, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

        WASH & THOMAS
        Attorneys at Law
        6613 Sanger Ave.
        Waco, Texas 76710
        (254) 776-3611
        (254) 776-9217 - Fax Number
        Email- danwash@washthomas.com

BY:   */s/ Danny C. Wash*
       Danny C. Wash
       State Bar No. 20896000
       Attorney for Plaintiff